HIDALGO *v.* GARCÍA DE LA TORRE.

APPEAL from the District Court of Mayagüez.

No. 78.—Decided June 27, 1903.

CAUTIONARY NOTICE OF ATTACHMENT—CREDITORS.—The cautionary notice of attachment granted by judicial decree and entered in the registry of property is intended solely to guarantee the results of a trial, and does not alter the nature of obligations, nor convert a personal action into a mortgage action, its only effect being that the creditor who obtains it in his favor shall have preference only with regard to the property entered, over those who have another claim against the same debtor contracted on a date subsequent to said entry.

MORTGAGE—WHEN CONSTITUTED.—A mortgage becomes validly constituted upon being entered in the registry of property, and the fact that said entry was made on a date subsequent to that of the cautionary notice of attachment levied upon the same mortgaged property cannot impair the right acquired by the mortgagee over said property prior to the entry of the cautionary notice of attachment.

ID.—EFFECT.—A mortgage subjects the property which it incumbers directly and primarily to the fulfillment of the obligation for the security of which it was executed.

ID.—La hipoteca sujeta directa é inmediatamente los bienes sobre que se impone al cumplimiento de la obligación que garantiza.

## EXPOSICIÓN DEL CASO.

En el recurso de casación, hoy de apelación, que ante Nos pende, interpuesto por Don José Felix García de la Torre, propietario, vecino de la ciudad de Mayagüez, dirigido y representado por el Letrado Don Jacinto Texidor, siendo la parte apelada Don Ignacio Hidalgo y Domingo, Abogado y vecino de la citada ciudad, representado por el Letrado Don Pascasio Fajardo y Cardona, en juicio declarativo sobre cancelación de una hipoteca inscrita en el Registro de la Propiedad y de cualquiera otra anotación que se halle subsistente y que con aquella tenga relación, cuya apelación tiene por objeto la revocación de la sentencia dictada por el Tribunal de Distrito de Mayagüez, que literalmente dice así:

En la Ciudad de Mayagüez, á 16 de Octubre de 1902.—Visto en juicio oral y público este pleito civil seguido entre partes, de la una Don Ignacio Hidalgo y Domingo, Abogado de este domicilio, representado por el Letrado Don Pascasio Fajardo Cardona, y de la otra, Don José Felix García de la Torre, propietario, de esta vecindad, defendido por el Letrado Don Juan Quintero, sobre cancelación de una hipoteca y de las anotaciones que por consecuencia de ella se hubieran hecho en el Registro.

1º  *Resultando:* que Don Ignacio Hidalgo y Domingo, dedujo demanda contra Don José Felix García de la Torre, con la solicitud de que se dictase sentencia mandando cancelar la inscripción de un crédito hipotecario que aparece inscrito en el Registro de la Propiedad á favor del referido García de la Torre, así como cualquiera otra anotación que se hallase subsistente y que tuviese relación con dicha inscripción, condenándole en todas las costas, y al efecto alegó, como puntos de hecho, que Don Victor Libran era en deber á Don Lorenzo Martinez Ohuviñas, una cantidad que reconoció por un pagaré, habiéndole demandado y siendo condenado al pago, tomándose anotación de un embargo decretado el 23 de Abril de 1896, sin que estuviera inscrita la finca á favor de Libran, ni apareciese hipoteca alguna constituida á favor del Sr. García de la Torre, y ya en 13 de Abril de 1897, en el periodo de apremio el pleito de Martinez, se pidió que se librara por el Registrador certificación de cargas, dándola negativa: que Martinez instó la formación de un expediente posesorio para anotar su embargo, y cuando ya se había así hecho, con posterioridad inscribió García de la Torre una hipoteca autorizada el 1 de Marzo de 1895, pero inscrita el 28 de Marzo de

## STATEMENT OF THE CASE.

This is an appeal in cassation, now appeal, pending before us, taken by Felix García de la Torre, a property owner and resident of the City of Mayagüez, represented by Jacinto Texidor, Esq., the respondent being Ignacio Hidalgo y Domingo, a lawyer and resident of said City, represented by Pascasio Fajardo y Cardona, Esq., in a declaratory action for the cancellation of a mortgage recorded in the Registry of Property and of any other entry relating thereto that may he found in said Registry, the object of aforesaid appeal being the reversal of a judgment rendered by the District Court of Mayagüez, which literally reads as follows:

"In the City of Mayagüez, October 16, 1902. A hearing having been had in this civil suit, brought by Ignacio Hidalgo y Domingo, a lawyer domiciled in this City, represented by Pascasio Fajardo y Cardona, Esq., against Felix García de la Torre, a property owner and resident, represented by Juan Quintero, Esq., for the cancellation of a mortgage and of such entries as may have been made in the Registry in connection therewith.

1. Ignacio Hidalgo y Domingo brought an action in the District Court of Mayagüez, against Felix García de la Torre, praying that judgment be entered ordering that the record of a debt secured by mortgage appearing in the Registry of Property, in favor of aforesaid García de la Torre be canceled, as also any other entry or notice relating thereto, and that the costs be taxed against him. Plaintiff alleged the following facts: That Victor Libran was indebted to Lorenzo Martinez Chuviñas for a certain sum of money for which he had given his note of hand, and Martinez having obtained judgment in a suit for the recovery of said debt, an entry was made of a writ of attachment issued on April 23, 1896, by the court upon a farm belonging to Libran which was not then recorded in his favor, nor had any mortgage been entered against in it favor of García de la Torre. On April 13, 1897, Martinez's suit having reached the stage of execution proceedings, a request was made that the Registrar issue a certificate of the encumbrances, which request was denied. Martinez then requested that summary proceedings to acquire possession be instituted in order that his attachment might be entered, and when this had been done, García de la Torre, on March 28, 1898, recorded a mortgage on said farm which was executed on March 1, 1895. As a result of the suit of Martinez against Libran, the farm was awarded to the former's assignee, Ignacio Hidalgo, free from all encumbrances, according to a public instrument executed by

1898, dando como resultado el pleito, de Martinez contra Librán, que le fuera adjudicada al cesionario del primero, Don Ignacio Hidalgo, la finca embargada, libre de cargas y gravámenes, según escritura pública otorgada por el Tribunal y citó como puntos de su derecho, los artículos 1857 y 1875 del Código Civil, los artículos 70 y 82 de la Ley Hipotecaria, así como el 125 de la misma y 160 de su Reglamento, y el principio *"prius tempore, prius jure"*.

2º *Resultando:* que Don José Felix García de la Torre se opuso á la demanda y solicitó se desestimase por improcedente, temeraria é injusta, con imposición de las costas á Don Ignacio Idalgo, y al efecto alegó que de la escritura pública ejecutiva, otorgada en 1 de Marzo de 1895, ante el Notario de esta Ciudad, Don Mariano Riera Palmer. é inscrita en el Registro de la Propiedad, Don Victor Libran confesó deberle la suma de cinco mil trescientos cincuenta pesos que se obligó á satisfacer en tres plazos, vencido el último en el mes de Diciembre de 1897, hipotecando para su seguridad una finca rústica radicada en el término municipal de Las Marías, sin que haya pagado la deuda, y por el contrario la finca se halla en poder de Don Ignacio Hidalgo, por haberla adquirido de la Sucesión Libran, por cuya razón está obligado á satisfacer el montante del gravamen hipotecario que reporta la finca, ya que reconoce en su demanda el actor la existencia de la escritura pública y su inscripción en el Registro de la Propiedad del crédito hipotecario aludido, sin que tenga que aducir prueba alguna el demandado, respecto á la certeza de dicha escritura y su inscripción, porque toda ella corresponde al demandante y si no la presentaba plena y cumplida debía desestimarse su pretensión por temeraria, con imposición de las costas, máxime cuando Hidalgo no ha justificado, ni ha podido justificar de modo alguno, que esté extinguido el crédito hipotecario que existe á favor del demandado, y grava una finca que está poseyendo el actor.

3º *Resultando:* que señalado día para la comparecencia de prueba, propuso el demandante que se desglosasen y uniesen á los autos varios documentos que constaban en el juicio seguido por Don Lorenzo Martinez contra Don Victor Librán, y que se trajeran varias certificaciones por la Secretaría.

4º *Resultando:* que el demandado Don José Felix Garcia de la Torre propuso que se trajera á la vista en el acto del juicio oral un procedimiento sumario hipotecario, seguido contra Don Ignacio Hidalgo, pero el Tribunal, en vez de ésto, dispuso que se trajese la escritura pública registrada, que motivó la ejecución, si el estado del pleito lo permitía.

5º *Resultando:* que de la prueba del actor aparece acompañada una escritura otorgada el 12 de Septiembre de 1899, por la que el Tribunal, que lo componían los jueces Don Juan J. Perea y Baster, Don Enrique Lloreda y Casabó y Don Felipe Casalduc y Goicoechea, llenos todos los requisitos legales á nombre y rebeldía de la Sucesión de Don Victor Libran, vendió

the court.    Plaintiff cited in support of his claim, articles 70 and 82 of the Mortgage Law, as also 125 thereof and 160 of the Regulations governing same, and the principle *prius tempore, prius jure.*

2.—In his answer to the complaint García de la Torre prayed that the same be dismissed because it was unjust and improper, and that the costs be taxed against Ignacio Hidalgo, and alleged that by public instrument executed March 1, 1895, before Mariano Riera Palmer, a Notary Public of this City, and recorded in the Registry of Property, Victor Libran acknowledged that he was indebted to him in the sum of five thousand three hundred and fifty *pesos,* which he agreed to pay in three installments, the last maturing in December, 1897, to secure which he had mortgaged a farm situated in the municipal district of Las Marías.    Libran had failed to pay the amount of said mortgage and as the property thus encumbered is now in possession of Ignacio Hidalgo who acquired it from the Succession of Libran, Hidalgo is bound to satisfy the mortgage, especially as in his complaint he recognizes the existence of said public instrument and its admission to record in the Registry of Property.    The defendant, he alleged, was not required to introduce any evidence in regard to the existence of said deed and its admission to record, since the burden of proof was upon the plaintiff, and if the latter failed to introduce full and satisfactory evidence, his complaint should be dismissed with costs on the ground that it is frivolous (*temerario*), especially as Hidalgo has not shown, nor could he in any manner show, that the mortgage debt, existing in favor of defendant and encumbering the property held by the plaintiff, has been extinguished.

3.—A day being set for the proposal of evidence, the plaintiff proposed that various documents filed in the action brought by Lorenzo Martinez be detached and joined to the record, and that several certificates from the clerk's office be submitted.

4.—The defendant, José Felix García de la Torre, proposed that the record of the summary executory proceedings prosecuted against Ignacio Hidalgo be introduced at the trial, but instead of this the court ordered that the registered public instrument giving rise to the execution be introduced if permissible at that stage of the proceedings.

5.—Accompanying the evidence introduced by the plaintiff there appears a deed executed September 12, 1899, whereby the court which was composed of judges Juan J. Perea y Baster, Enrique Lloreda y Casabó and Felipe Casalduc y Goicoechea, all the legal requirements having been complied with, in the name and by default of the estate of Victor Libran, awarded in perpetuity the property upon which the attachment was levied, for the full amount of the debt, stipulated interest thereon and costs, free from all charges and incumbrances, and there was also filed with the record of these proceedings a certificate of the Registrar of Property from which it appears

perpetuamente, en adjudicación de pago, la finca embargada por la totalidad de la deuda, sus intereses convenidos y costas, libre de toda carga y gravamen, y se acompañó, además, ó se trajo á este pleito, una certificación del Registrador de la Propiedad, de la que aparece que una anotación de suspensión hecha en el Registro de la Propiedad de esta Ciudad, sobre finca situada en el barrio de Rio Cañas arriba, antes Furnias, término municipal de las Marías, lindando al Norte, con terrenos de Don Pedro Hernández, al Sur con los de Ramón Toro, al Este con los de León Olivieri y el camino del barrio de Anones, y al Oeste con otros terrenos de Don Victor Libran y con una cabida de 91 cuerdas de terrenos, más ó menos, y con varios establecimientos fué convertida con fecha 5 de Agosto de 1897 en inscripción definitiva y que una hipoteca de Don José Felix García de la Torre fué inscrita en el Registro, sobre esa finca, con fecha 28 de Marzo de 1898, siendo inscrita también la adjudicación hecha por el Tribunal á favor de Don Ignacio Hidalgo.

6º  *Resultando :* que el demandante trajo también á este pleito la resolución negativa del Tribunal para cancelar de oficio la hipoteca de Don José Felix García de la Torre por estimar que debía ser objeto de controversia, y decretarse por sentencia después de un juicio en que fueran oidos los que tenían interés en las inscripciones ó anotaciones.

7º  *Resultando :* que se ha comprobado debidamente por la escritura No. 310, otorgada en 1 de Marzo de 1895, que Don Victor Libran constituyó hipoteca á favor de Don José Felix García de la Torre, sobre una finca compuesta de 91 cuerdas, la misma embargada por Don Lorenzo Martinez, por un crédito cedido á Don Ignacio Hidalgo y Domingo, y cuya escritura fué registrada el 28 de Marzo de 1898, según nota puesta por el Registrador de la Propiedad.

8º  *Resultando :* que señalado día para el juicio oral se practicó la prueba propuesta, informaron los Abogados de las partes, se señaló día para la votación de las sentencias y recayó ésta por unanimidad de los Jueces del Tribunal.

9º  *Resultando :* que en este juicio se han observado todas las prescripciones legales.—Visto, siendo ponente el Juez Presidente Sr. Arturo Aponte y Rodriguez, por ausencia del Juez americano, Mr. Erwin.

1º  *Considerando:* que Don Víctor Libran otorgó á Don José Félix García de la Torre, el dia 1 de Marzo de 1895, ante el Notario de esta Ciudad Don Mariano Riera Palmer, una escritura por la que se comprometía aquél á satisfacer al último la suma de cinco mil trescientos cincuenta pesos de la entonces moneda circulante, en los tres plazos que allí se fijaron, garantizando la deuda con hipoteca constituida, sobre una finca compuesta de noventa y una cuerdas de extensión, más ó menos, radicada en el barrio de Furnias del término municipal de Las Marías con las colindancias que se

that a cautionary notice had been entered in the Registry of Property of this City, affecting a farm situated in *barrio* "Rio Cañas-arriba", formerly "Furnias", within the municipal district of "Las Marías", bounded on the north by lands belonging to Pedro Hernández, on the south by those of Ramón Torres, on the east by those of Leon Olivieri and the road to *barrio* "Anones", and on the west by other lands belonging to Victor Libran, the whole covering ninety-one *cuerdas*, more or less, with several buildings situated thereon, had under date of August 5, 1897, been converted into a final record; and that a mortgage on said property in favor of José Felix García de la Torre, was recorded in the Registry under date of March 28, 1898, the award made by the court in favor of Ignacio Hidalgo, being also recorded.

6.—The plaintiff likewise submitted the decision of the court refusing officially to cancel José Felix García de la Torre's mortgage, holding that such cancellation should be made the object of controversy and decreed by judgment after a trial in which those interested in the records or cautionary notices were heard.

7.—By deed No. 310, executed on March 1, 1895, it has been duly proven that Victor Libran had constituted a mortgage in favor of José Félix García de la Torre on a farm consisting of 91 *cuerdas*, the same property that had been attached by Lorenzo Martínez for a debt assigned to Ignacio Hidalgo y Domingo, the deed whereof was recorded on March 28, 1898, according to a memorandum affixed thereto by the Registrar of Property.

8.—A day being set for the trial, the evidence proposed was introduced; counsel for both parties presented their arguments, and a day was fixed for rendering judgment which was unanimously concurred in by the judges composing the court.

9.—In this trial all the legal requirements have been complied with. In the absence of the American Judge, Mr. Erwin, Presiding Judge Arturo Aponte y Rodríguez prepared the opinion of the court.

1.—On March 1, 1895, Victor Libran executed before Notary Mariano Riera Palmer a document in favor of José Félix García de la Torre, whereby the former agreed to pay the latter the sum of five thousand three hundred and fifty *pesos* in the money then in circulation, said payment to be made in three installments therein specified. Aforesaid debt was secured by a mortgage on a farm consisting of 91 *cuerdas*, more or less, situated in *barrio* "Furnias", within the municipal district of "Las Marias", the boundaries whereof were stated in the instrument. Though this document was presented at the Registry of Property for admission to record in the year 1895, owing to a defect susceptible of correction, a cautionary notice of it was entered to have effect during sixty days, and no extension of this time appearing to

determinaron, cuya escritura, aunque se presentó en el Registro de la Propiedad de este Distrito el año 1895 y se tomó anotación de suspensión por un defecto subsanable que hubo de advertirse, durando sus efectos sesenta días, sin que conste su prórroga, vino á ser registrada, por subsanación del defecto advertido, el 28 de Marzo de 1898.

2º *Considerando:* que esa propia finca fué embargada en un pleito seguido por Don Lorenzo Martínez, contra el referido Víctor Libran, expidiéndose mandamiento al Registrador de la Propiedad el 3 de Diciembre de 1896, se tomó anotación de suspensión el 21 del mismo mes, que se prorrogó, convirtiéndose en anotación definitiva el 5 de Agosto de 1897.

3º *Considerando:* que sacada la finca á subasta pública fué adjudicada á Don Ignacio Hidalgo y Domingo, cesionario de Martínez, por escritura de 12 de Septiembre de 1899, ante el Notario Don Mariano Riera Palmer, haciéndose constar en la misma que la enagenación se entendía libre de toda carga y gravamen, según aparece de los autos que tuvo á la vista el Notario.

4º *Considerando:* que anotado el embargo del acreedor Don Lorenzo Martínez, antes de ser presentada la escritura de hipoteca á favor de Don José Félix García de la Torre en el Registro y adjudicada á Don Ignacio Hidalgo la finca objeto de aquel embargo, libre de cargas, no es posible dentro del derecho hipotecario dar eficacia á un título inscrito con posterioridad, ya porque Don Lorenzo Martínez, hoy Don Ignacio Hidalgo, tiene el caracter de tercero de conformidad con el artículo 27 de la Ley de la materia, ya porque según los artículos 23, 25 y 26, los títulos no registrados no perjudican á tercero y aún los inscritos no surten efectos contra éste, sino desde la fecha de su inscripción que se cuenta, desde su presentación en el Registro, ya, en fin, porque se trata de derechos evenientes de una anotación preventiva convertida en inscripción definitiva, según el artículo 70 de la propia Legislación Hipotecaria.

5º *Considerando:* que dentro del Derecho Civil y de acuerdo con lo prevenido en el número 4º del artículo 1923 del antiguo Código Civil, gozan de preferencia con relación á determinados bienes inmuebles y derechos reales del deudor, los créditos preventivamente anotados en el Registro de la Propiedad en virtud de mandamiento judicial, por embargos, secuestros ó ejecución de sentencias sobre los bienes anotados y sólo en cuanto á créditos posteriores, y es evidente que si Don José Félix García de la Torre inscribió con posterioridad su hipoteca á la anotación de Don Lorenzo Martínez, que corresponde hoy á Don Ignacio Hidalgo, no puede decirse que tenga derecho real alguno sobre esa anotación, máxime no haciéndolo valer por tercería en el pleito en que aquélla se decretó y no habiendo alegado entonces, ora el carácter hipotecario de su título, ora el personal si lo estimaba más legal y más procedente.

6º *Considerando por lo expuesto:* que no habiendo registrado Don José

have been made, it was recorded on March 28, 1898, after the aforesaid defect had been corrected.

2.—This same property was attached in an action prosecuted by Lorenzo Martínez against the said Victor Libran and by virtue of an order to the Registrar of Property, December 5, 1896, a cautionary notice of said attachment was entered on the 21st of the same month, which notice was extended and made final on August 5, 1897.

3.—The property was offered at public auction and awarded to Ignacio Hidalgo y Domingo, assignee of Martínez, by deed of September 12, 1899, executed before Notary Mariano Riera Palmer, it being stated therein that the conveyance was to be understood as free from all charges and incumbrances, according to the record which the Notary had before him.

4.—The attachment of the creditor Lorenzo Martínez having been recorded in the Registry of Property prior to the presentation of the deed of mortgage in favor of José Felix García de la Torre, and the farm on which the attachment was levied having been awarded to Ignacio Hidalgo free from all charges, it is not possible under the Mortgage Law to make effectual a title subsequently recorded, either because Lorenzo Martínez, now Ignacio Hidalgo, is clothed with the character of a third person, according to article 27 of the law governing the matter; or because, according to articles 23, 25 and 26, titles not recorded cannot prejudice third persons, and even such as have been recorded can be effectual against the latter only from the date of record, to be reckoned from the date of its presentation at the Registry; or finally, because the question is one of rights arising from a cautionary notice which has been converted into a final record, according to article 70 of the Mortgage Law.

5.—Under the civil law, and according to the provisions of paragraph 4 of article 1923 of the old Civil Code, with regard to certain real property and property rights of the debtor, preference shall be given to credits of which a cautionary notice has been made in the Registry of Property by virtue of a judicial decree by reason of attachments, sequestrations, or the execution of judgments affecting the property entered therein and only with regard to subsequent credits, and it is evident that if José Felix García de la Torre recorded his mortgage on a date subsequent to Lorenzo Martínez's cautionary notice, which now appertains to Ignacio Hidalgo, it cannot be said that he has any property right over said cautionary notice, especially since he did not urge such a claim by means of a complaint in intervention during the course of the action in which the entry of the said cautionary notice was decreed, nor did he allege at that time that his claim of title was based upon a mortgage, or that his was a personal credit, if the latter were deemed by him more legal and proper.

6.—Wherefore, inasmuch as José Felix García de la Torre had recorded

Félix García de la Torre, sino con posterioridad á la anotación de Martínez, su hipoteca' y llegado el caso de adjudicación al ejecutante de la finca en pago de su crédito, procede que se estime posterior al que ostenta García de la Torre no inscrito, pues á eso conduce la negligencia de llevar tardiamente al Registro los títulos que deben ser inscritos si han de perjudicar á tercero, de lo cual se colige que en derecho hipotecario, si la inscripción no es obligatoria, es las veces necesaria.

7º   *Considerando:* que las costas se impondrán al litigante cuyas pretensiones hubieran sido totalmente desestimadas.

*Vistas* las disposiciones citadas, el artículo 1517 del Enjuiciamiento Civil y el 63 de la Orden General No. 118, Serie de 1899.

*Fallamos:* que debemos declarar y declaramos con lugar la demanda y en su consecuencia que se cancele la inscripción hipotecaria extendida en el Registro á favor de Don José Félix García de la Torre el 28 de Marzo de 1898 y de todas las anotaciones relacionadas con esa hipoteca, librándose oportunamente mandamiento por duplicado al Registrador de la Propiedad de este Distrito, con las costas á Don José Félix García de la Torre.—Así por esta nuestra sentencia, lo pronunciamos, mandamos y firmamos.—Arturo Aponte. Luís Méndez Vaz.—R. Roura."

*Resultando :* que notificada esta sentencia á los Letrados Don Pascasio Fajardo y Don Juan Quintero, éste con la representación que ostenta, interpuso recurso de casación, fundándolo en las disposiciones que en su escrito se expresan, y especialmente, en los artículos 44 y 105 de la Ley Hipotecaria, artículos 1923 del Código Civil antiguo, (que es el artículo 1824 del Revisado) números 3, 4 y 1927, caso 2º, y la doctrina contenida en las sentencias del Tribunal Supremo de España, de 17 de Junio de 1875, 5 de Abril de 1878, 10 de Octubre de 1882 y 26 de Octubre de 1888.

*Resultando :* que admitido este recurso, fueron citadas y emplazadas las partes y se elevaron los autos á esta Superioridad, en donde á tiempo se personaron las partes y sin que ninguno de los Letrados haya presentado alegato escrito, tuvo lugar la vista pública en 13 del corriente, en cuyo acto informaron, *in voce,* los Letrados sosteniendo el apelante su recurso, é impugnándolo la parte apelada.

Abogado del apelante : *Sr. Texidor.*

Abogado del apelado : *Sr. Fajardo.*

his mortgage on a date subsequent to the cautionary notice of Martinez, and the time having arrived for the adjudication of the property to the party foreclosing upon the same in settlement of his credit, that of García de la Torre, which was not entered at the proper time, must be treated as a subsequent claim; for such is the consequence of neglecting to present at the Registry without loss of time such titles as should be entered upon the record, if expected to operate to the prejudice of a third person; whence it is to be inferred that under the Mortgage Law, although presentation for record is not obligatory, it is often necessary.

7.—Costs must be taxed against the litigant whose claims are in all things dismissed.

In view of the authorities cited above, and article 1517 of the Law of Civil Procedure and section 63 of General Order No. 118, series of 1899, we adjudge that we should declare and do declare that the complaint is sustained, and therefore the record entered in the Registry of Property in favor of José García de la Torre on March 28, 1898, is accordingly ordered to be canceled, together with all entries referring thereto, and that the necessary instructions be forwarded in duplicate to the Registrar of Property of this District; the costs are taxed against José Felix García de la Torre. Thus by this our judgment do we pronounce, command and sign—Arturo Aponte—Luis Mendez Vaz—R. Roura".

Notice of this judgment having been served upon attorneys Pascasio Fajardo and Juan Quintero, the latter on behalf of the defendant, took an appeal in cassation based upon the authorities cited in his notice of appeal, and especially articles 44 and 105 of the Mortgage Law, paragraphs 3 and 4 of article 1923 of the old Civil Code (being article 1824 of the Revised Code), and paragraph 2 of article 1927, and the jurisprudence contained in the judgments of the Supreme Court of Spain, of June 17, 1875, April 5, 1878, October 10, 1882, and October 26, 1888.

This appeal being allowed, the parties were cited and the record forwarded to this court where in due time the parties appeared. No brief was filed by counsel for either party, who orally argued their respective cases, counsel for appellant in support of the appeal and counsel for respondent contesting the same.

*Mr. Texidor,* for appellant.

*Mr. Fajardo,* for respondent.

EL JUEZ ASOCIADO SR. MACLEARY, después de exponer los hechos anteriores, emitió la siguiente opinión del Tribunal.

*Aceptando* los fundamentos de hecho de la sentencia apelada, y—

*Considerando:* que según el precepto terminante del art. 44 de la Ley. Hipotecaria y la Jurisprudencia establecida por el Tribunal Supremo de España y seguida por esta Corte en varios casos, como son los de 1 de Noviembre de 1902 y 26 de Febrero de 1903, la anotación preventiva en el Registro de la Propiedad, de un embargo acordado por providencia judicial, como dirigido únicamente á garantir las consecuencias del juicio, no altera la naturaleza de las obligaciones, ni puede convertir en real é hipotecaria la acción personal que carece de este carácter, pues no produce otros efectos que los de que el acreedor que la obtenga sea preferido, en cuanto á los bienes anotados solamente á los que tengan contra el mismo deudor otro crédito, contraido con posterioridad á dicha anotación.

*Considerando:* que limitada á los efectos que se dejan indicados la anotación del embargo practicado á instancia de Don Lorenzo Martínez, sobre terrenos de Don Victor Librán, no puede lastimar el derecho de hipoteca que en los mismos terrenos adquirió Don José Félix García de la Torre, por virtud de la escritura de préstamo hipotecario, otorgada á su favor por el referido Victor Librán, sin estar á la sazón anotado el embargo, por más que la inscripcion de aquella escritura se hiciera con fecha posterior á la anotación, pues una vez verificada dicha inscripción, se llenó el requisito que faltaba para que la hipoteca quedara válidamente constituida, en armonía con el artículo 1875 del Código Civil, y tuvo que producir todos sus efectos legales.

*Considerando:* que según los artículos 1923, en sus números 3 y 4, y 1927, número 2, ambos del antiguo Código Civil, el crédito de Don José Félix García de la Torre goza de preferencia por su carácter hipotecario, sobre el otro

MR. JUSTICE MACLEARY, after making the above statement of facts, delivered the opinion of the court as follows:

The findings of fact contained in the judgment appealed from are accepted. According to the express provision of article 44 of the Mortgage Law, and the jurisprudence established by the Supreme Court of Spain, and followed by this Court in several cases, such as the decisions of November 1, 1902 and February 26, 1903, a cautionary notice of attachment granted by judicial decree and entered in the Registry of Property, being intended solely to guarantee the result of a trial, does not alter the nature of obligations, nor can it convert a personal action into a mortgage action, its only effects being that the creditor who obtains it in his favor shall have preference, only with regard to the property entered, over those who may have other claims against the same debtor contracted subsequently to such entry.

The effects of the cautionary notice of attachment, entered at the request of Lorenzo Martinez, on lands belonging to Victor Libran, being limited to the extent hereinbefore stated, it cannot impair the mortgage right acquired in said lands by Felix García de la Torre under the mortgage deed executed in his favor by aforesaid Victor Libran prior to the entry of the attachment to secure a loan, notwithstanding the fact that the record of the former was made after the entry of the latter, for when said record was once made, the requisite which was lacking in order that the mortgage might be validly constituted, was complied with pursuant to article 1875 of the Civil Code, and thereupon all its legal effects were necessarily produced.

According to paragraphs 3 and 4 of article 1923, and 2 of 1927, both of the old Civil Code, the credit of García de la Torre is entitled to preference by reason of its character as a mortgage, over that of Lorenzo Martinez, now Ignacio Hidalgo, with respect to the lands upon which the mortgage and attachment existed, inasmuch as the former, being a mortgage, directly and primarily affects the property on

crédito de Don Lorenzo Martínez, hoy Ignacio Hidalgo y Domingo; respecto de los terrenos hipotecados y embargados, pues el primero, como hipotecario, sujeta directa é inmediatamente á su pago los terrenos sobre que se impuso la hipoteca, en cumplimiento con lo que previene el artículo 105 de la Ley Hipotecaria; y el segundo, como meramente personal, no sujeta á su pago los bienes embargados sino con relación á otros créditos contraidos con posterioridad á la anotación del embargo, según el artículo 44 de la Ley Hipotecaria ya citado; condición que no concurre en el crédito de Don José Félix García de la Torre, contraido con anterioridad á la anotación preventiva del embargo.

which it is imposed, pursuant to article 105 of the Mortgage Law, while the latter, being merely personal, can have preference only with regard to the property entered, over those who have other claims contracted subsequently to the cautionary notice of attachment, according to article 44 of aforesaid Mortgage Law; a condition which does not exist with regard to the credit of García de la Torre, which was contracted prior to the entry of the cautionary notice of attachment.

For the reasons above set forth, upon rendering judgment decreeing the cancellation of a mortgage and all notices relating thereto, entered in the Registry of Property as prayed for by Ignacio Hidalgo, in an action brought before it, the trial court has violated paragraphs 3 and 4 of article 1923 and 2 of 1927 of the old Civil Code, and articles 105 and 44 of the Mortgage Law, as also the legal doctrine announced in the judgments hereinbefore mentioned, there being no need of considering the other points upon which the appeal is based.

We adjudge that we should reverse, and do reverse, the judgment rendered by the District Court of Mayagüez on October 16, 1902, and accordingly dismiss the action brought by Ignacio Hidalgo against José Felix García de la Torre, with costs of the proceedings in the trial court against plaintiff, and without special imposition of costs on appeal. This decision is ordered to be communicated to the court below and the record returned for compliance herewith.

Chief Justice Quiñones and Justices Hernández and Figueras, concurred.

Mr. Justice Sulzbacher did not sit at the hearing of this case.